FRANCISCO R. ORSINI, Plaintiff and Appellant, v. JOSÉ SÁNCHEZ PARRA, Defendant and Appellee.

No. 9570. Argued November 3, 1947.—Decided December 5, 1947.

*R. Arjona Siaca* and *A. Figueroa Rivera* for appellant. *Guillermo S. Pierluisi* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

On October 29, 1945, Francisco R. Orsini brought, in the District Court of San Juan, an action of unlawful detainer against José Sánchez Parra, praying for eviction of the defendant from a portion of a property in Hato Rey, in which certain buildings used as a station for the sale of gasoline, lubricants, and for motor-vehicle accessories, as well as for the washing and greasing of such vehicles, are located. The complaint alleged that said station, together with the equipment existing therein, was leased by Orsini to Sánchez Parra, under a contract dated April 18, 1944, in which it was expressly agreed that the lease term would be three years, with an option in favor of the lessee to extend it for four years. The complaint was founded on the nonpayment of the rent pertaining to the month of September 1945. The case went on to trial and on February 15, 1946, the District

Court of San Juan rendered judgment decreeing the eviction of the defendant and adjudging him to pay costs and attorney's fees. The defendant appealed to this Court and on April 22, 1947, we affirmed the judgment appealed from. See *Orsini v. Sánchez, ante*, p. 191.

After the receipt of the mandate in the lower court for the execution of the judgment of this Court, on May 12, 1947, the defendant Sánchez Parra filed a motion in which he requested that said judgment be set aside, he having previously paid the rent due, plus costs and attorney's fees. The motion was based on the provisions of § 1 of Act No. 268 of May 14, 1945 (Laws of 1945, p. 938), which amended § 628 of the Code of Civil Procedure of Puerto Rico so as to read as follows:

"Section 628.—When the complaint is founded upon the non-payment of the rental or price stipulated in the contract, the defendant shall not be allowed to submit any proof except the receipt or some other document showing that the payment has been made. The proofs of both parties shall include the fundamental facts in regard to the principal question at issue."

"*    *    *    *    *    *    *  "[1]

On May 20, 1947, the District Court of San Juan made an order setting aside the judgment of eviction. The present appeal has been taken from that order.

The appellant urges that the court *a quo* erred in setting aside the judgment "without taking into account that the same had already become final (*firme*), that the statute on which it rested its order was subsequent to the date of the contract whose nonperformance has given rise to said judgment, and that its action not only deprived the plaintiff of the right which said judgment vested in him, but left him without any remedy for the violation of an essential condition of his contract."

██ That the remedy to set aside a judgment of evic-

---

[1] The proviso of § 628 is identical with that of § 18A of The Reasonable Rents Act, as amended in 1947, Sess. Laws, p. 820.

tion, granted by § 628 of the Code of Civil Procedure, *supra,* ·could be invoked by the defendant at any time "before the proceedings end with the execution of the judgment" was ·decided by this Court in *Viera* v. *Municipal Court,* 66 P.R.R. ·29, in which there was involved an unlawful detainer pro- ·ceeding to recover possession of a building used for housing accommodations.

In *Font* v. *Echeandía, ante,* p. 224, we held that a building or place used for the operation of a business for the exhibition of motion-picture films to the public for pay, is included in the provisions of § 4 of Act No. 464 (Reasonable Rents Act), approved on April 25, 1946 (Laws of 1946, p. 1326), which provides that the provisions of said Act shall be applicable to buildings and premises for commercial and industrial purposes. Applying the provisions of § 12 of that same Act, to the effect that so long as the tenant pays the basic or reasonable rent fixed by the Administrator, "the landlord can not establish an action of unlawful detainer to recover the possession *of a dwelling . . . or of a house or building used for businesses,* professional offices, or commercial or industrial purposes, even if the term of the contract has expired"; and that "On and after the effective date of this Act, every unlawful detainer proceeding which does not conform to the motives, conditions, and terms fixed in this Act, shall be stayed until the termination of the emergency herein declared," we decreed the stay of the appeal pending in this Court, until the termination of the emergency. (Italics ours.)

In *Latoni* v. *Municipal Court, ante,* p. 130, which dealt with the recovery of the possession of a house for dwelling purposes, we decided that "we are satisfied that when it (the Legislature) provided within the context of Act No. 464 that no action of 'unlawful detainer' shall be permitted ·except under certain circumstances, it meant to prohibit any action whatsoever, ordinary or summary, *to recover possession of housing accommodations,"* and that "also, § 12

restricts eviction of tenants of *commercial buildings* which are not covered by the Federal Act." (Italics ours.)

The law in force at the time of the rendition of the order appealed from was the Reasonable Rents Act, No. 464, of April 25, 1946, as amended by Act No. 415 of May 14, 1947, mentioned above. Said Act took effect, as to housing accommodations, by an order of the Executive Council, when the Federal Act expired on June 30, 1946. As to commercial premises, the Act took effect on July 17, 1946.

The only question that we have to consider and decide is whether the provisions of the Reasonable Rents Act, § 18A, which authorize the dismissal of the proceedings or the setting aside of the judgment rendered when the unlawful detainer is based on the nonpayment of the rent, are applicable to a case like the one at bar.

According to the recitals of the lease contract, Orsini is the owner of a gasoline station established on a parcel of land owned by him, with an area of 4,528 square meters, located in Martín Peña. Said station is equipped with all the apparatus and machinery necessary to wash and grease automobiles and with all the instruments and equipment required for the business which is ordinarily performed in stations of this sort, all said equipment being owned by Orsini. Under the third paragraph of the contract, the property leased is "the gasoline station above described with the furniture which it contains." There is not involved, therefore, the lease of premises for housing accommodations or for establishing there a business or industry belonging to the lessee. What has been leased is a business already established and belonging to the lessor, to be operated by the lessee for the term and under the conditions stipulated in the contract, including the following: (1) that in case of rescission of the contract, the lessor shall buy all the stock which the lessee might have on hand, paying the just value thereof; (2) that the lessee shall make all the repairs which the equipment might need; and (3) that the lessee shall

not be responsible for any claim for salary wages or for any debts contracted by the lessor prior to or subsequent the contract.

The Reasonable Rents Act was approved for the purpose of remedying an emergency situation created by the great demand for, and scarcity of, housing accommodations and premises for businesses, which arose from the state of war. The "rental control," which consisted in the fixing by the administrator of maximum rentals and in the restriction of evictions, was established with a view to protect the tenants against the unjust practice of the lessors of demanding excessive and unreasonable rents, and to prevent the tenants of dwellings or of commercial premises from being evicted without being able to find other premises in which to establish their dwellings or to resume their commerce, business, or industry. The reasons which justify the intervention of the police power of the State for the restriction of evictions do not exist in the present case. The lessee Sánchez Parra was not the owner of the business established in the gasoline station. All the things existing therein and used for the operation of the business—with the exception of the stock of goods kept for sale—are owned by the lessor Orsini. And we have already seen that, in accordance with the terms of the contract, the lessor is bound to buy said stock for its just value. The subject matter of the lease in this case is, therefore, a gasoline station with the machinery and equipment necessary for its operation and exploitation. What has been leased is a going concern which from the date of the lease was to be operated by the lessee instead of by its owner. The building or "garage" is purely incidental to the business established therein; since possibly the lessee would not have leased said garage unless it included the machinery and equipment installed therein and the station business already established by the lessor.

The execution of the judgment of eviction would not cause any prejudice to the lessee, who would not have before him

the problem of finding a new place for his business. We do not think that the Legislature had the intention of extending the remedy of restricted evictions to cases of this kind. The situation of the lessee in this case is similar, if not identical, to that of a physician who having leased the clientele, office, instruments, and equipment of another physician should attempt, after the termination of the contract, to continue in the possession and enjoyment of the things leased under the protection of the Reasonable Rents Act.

The decision appealed from is erroneous, and therefore it will be reversed.

